# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

JASON SPENGLER,                                    CASE NO:

          Plaintiff,

vs.

SCHOOL DISTRICT OF LEE COUNTY, FLORIDA,

          Defendant.

_____/

## COMPLAINT

Plaintiff, JASON SPENGLER, ("Plaintiff"), by and through his undersigned attorney, sues Defendant, SCHOOL DISTRICT OF LEE COUNTY, FLORIDA ("School District of Lee County" or "Defendant") and alleges as follows:

## INTRODUCTION

1.     This is an action for damages by Plaintiff against Defendant for disability discrimination under the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue properly lies in this judicial district pursuant to 28 U.S.C.

§1391(b), in that Defendant maintains offices within this judicial district and carries on commerce with citizens of this judicial district at an open place of business located within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4.      Plaintiff is a male, *sui juris* and, at all times material to this action, was a resident located in Lee County, Florida and at all times listed in the Complaint worked for the Defendant in Lee County, Florida.

5.      The School District of Lee County employs more than 13,000 employees and has its principal administration building located in Fort Myers, Lee County, Florida. All allegations within the Complaint occurred in Lee County, Florida.

6.      Plaintiff has complied with all the conditions precedent to jurisdiction under the ADA and the FCRA in that he filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed this suit within 90 days of receiving a Right to Sue Notice from the EEOC, which was issued on September 5, 2025. Thus, all administrative prerequisites have been satisfied, and this suit is timely filed.

## GENERAL ALLEGATIONS

7.      Plaintiff is a 46-year-old male who has been diagnosed with schizophrenia, autism, ADD/ADHD, major depressive disorder and dyslexia.

8.      Plaintiff began working as a custodian/janitor for the School District of Lee County in May of 2004.

9.     At the time of the events in this Complaint, Plaintiff was assigned to work at Lehigh Acres Middle School.

10.     At the time of the events in this Complaint, Plaintiff had worked at the above-mentioned school for a period of four and half years.

11.     On or about February 28, 2020, a written ADA Request for Accommodations with a Medical Certification was made on behalf of Plaintiff.

12.     The accommodations requested Plaintiff be directed to complete tasks in a specific way, i.e. no more than three (3) tasks at a time and use of a checklist.

13.     The School District's ADA committee confirmed written receipt of the request on March 11, 2020.

14.     A second ADA Request for Accommodation was made orally to the School District by Plaintiff and his father, Joseph Spengler, where it was requested that due to Plaintiff's mental impairments, at any one-on-one or disciplinary meetings, including informal reprimands, Plaintiff be accompanied by either a union representative, or if one was unavailable, one of Plaintiff's parents.

15.     The School District of Lee County agreed to the accommodation, although a formal written receipt of the interaction process was not memorialized or sent to Plaintiff or his parents.

16.     Prior to October of 2024, in Plaintiff's 19-years of employment at the School District of Lee County, Plaintiff was only disciplined once for asking a

teacher to go out on a date five years earlier in 2019 and was thereby, given a written reprimand.

17.    At some point around October 2024, Plaintiff began leaving illegible handwritten post-it notes in the classrooms he cleaned about a fundraising project he wanted to start for special education (ESE) students, in order to help ESE students attend activities.

18.    On October 29, 2024, after school ended around 6:00 p.m., Plaintiff was called to attend a meeting with the Assistant Principal, Vincent Edward Lewis, in the Assistant Principal's office at Lehigh Acres Middle School.

19.    It is agreed by all parties that at the meeting, the Assistant Principal Vincent Edward Lewis ("Assistant Principal Lewis") spoke to Plaintiff regarding teachers complaining about Plaintiff leaving hand-written post-it notes in their classrooms.

20.    Because of his mental disabilities, Plaintiff was required to have been accompanied by a union representative, or if one was unavailable, his parents.

21.    Around this time, Plaintiff begun experiencing anxiety, and Assistant Principal Lewis admitted to observing that Plaintiff was uncomfortable.

22.    At some point, according to Assistant Principal Lewis, Plaintiff stated that "people don't understand him, and nobody listens."

23.    Assistant Principal Lewis claims he tried to interject Plaintiff's statement by raising his hand and moving toward him.

24.    Plaintiff then got up, kicked a stainless-steel garbage can, and pushed over a file cabinet, then threw the garbage can on the floor.

25.    Defendant, School District of Lee County, alleged that Plaintiff then raised his fists and "appeared" to threaten the Assistant Principal physically.

26.    Plaintiff denies threatening Assistant Principal Lewis.

27.    The video of the incident shows no footage of Plaintiff raising his hands in a fist.

28.    Assistant Principal Lewis then directed Plaintiff to exit the building.

29.    Plaintiff followed the direction as instructed by Assistant Principal Lewis, left the office, and continued to work.

30.    While Plaintiff was outside of the building, Plaintiff continued to perform his work duties, and the Assistant Principal Lewis then called the police.

31.    A police officer arrived and restrained Plaintiff by lying his entire full body weight over and on top of Plaintiff, at which time, Plaintiff asked the officer to remove himself off of his body because he called not breath.

32.    Plaintiff was then arrested for: 1.) Criminal Mischief - Damage to Property; and 2.) Resisting Arrest (without) Violence.

33.    The criminal charges against Plaintiff were later dismissed.

34.    After the incident on October 29, 2024, Plaintiff was placed on administrative leave.

35.     From November 20, 2024, through January 28, 2025, Plaintiff attended mental health treatment with a licensed medical professional.

36.     On or around January 28, 2025, Plaintiff's Mental Health Counselor sent a letter to Defendant, School District of Lee County, about Plaintiff's mental health treatment, and that "based on his evaluation [Spengler] did not appear to be a danger to himself or others and is able to perform all necessary job functions."

37.     On February 25, 2025, Defendant held a Pre-Determination Disciplinary Hearing for Plaintiff.

38.     The Defendant, School District of Lee County, accommodated Plaintiff's request to have his parents present at any disciplinary hearings, and allowed his father, Joseph Spengler, to attend the hearing with him.

39.     Article 9 of Defendant's Disciplinary Policy provides: "Disciplinary action shall be progressive in nature, when appropriate".

40.     Defendant's progressive Discipline Policy, included but was not limited to: "no cause, conference summary, written reprimand, last chance agreement, suspension, termination, reassignment, retraining, or other assistance."

41.     The Superintendent of the School District of Lee County, Dr. Denise Carlin, recommended termination, and as a result, Plaintiff was suspended without pay until a Final Disposition Hearing with the School Board of Lee County, Florida.

42.    On April 7, 2025, without reviewing the video, or having documentation of Plaintiff's disabilities, or knowing the number of years Plaintiff had worked for the school district, the Superintendent, Dr. Denise Carlin, filed a <u>Petition for Termination of Employment</u> with the School Board of Lee County, Florida.

43.    In the <u>Petition for Termination</u>, Plaintiff was found to have violated the policy of "Threatening Behavior Toward Staff Members" and found to have "*appeared*" to threaten the Assistant Principal physically.

44.    Plaintiff was punished more severely than similarly situated individuals who had engaged in the same, similar, or worse behavioral actions.

## COUNT I – AMERICANS WITH DISABILITIES ACT

### Disparate Treatment

Plaintiff, Jason Spengler, reincorporates and re-alleges paragraphs 1-44 as though set forth fully herein and further alleges as follows:

45.    The Defendant, School District of Lee County, was at all times material, an "employer", as the term is defined by the ADA.

46.    Plaintiff was a disabled "employee," as defined by the ADA.

47.    Defendant, School District of Lee County, was put on <u>written notice</u> of Plaintiff's mental disabilities.

48.    The Defendant, School District of Lee County, had knowledge of the Plaintiff's disabilities.

49.    Defendant, School District of Lee County, violated the ADA, discriminating against Plaintiff, by subjecting him to enhanced discipline beyond the progressive form cited in Defendant's policies.

50.    Defendant, School District of Lee County, skipped over multiple phases of the progressive discipline policy and took direct action against Plaintiff with termination.

51.    Defendant, School District of Lee County, violated the ADA by discriminating against Plaintiff and subjecting him to more severe punishment than non-disabled employees who had engaged in the same, similar, or worse behavior.

52.    Similar "non-disabled employees" who had engaged in the same, similar, or worse behavior were subjected to a "progressive disciplinary process," despite committing the same acts.

53.    Defendant, School District of Lee County, treated Plaintiff differently, and less favorably than other "non-disabled employees."

54.    As a direct and proximate result of the Defendant, School District of Lee County's conduct as described above, Plaintiff incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits.

55.    In addition, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, humiliation and embarrassment.

## COUNT II – AMERICANS WITH DISABILITIES ACT

### Failure to Accommodate

Plaintiff, Jason Spengler, reincorporates and re-alleges paragraphs 1-44 as though set forth fully herein and further alleges as follows:

56.    Plaintiff is disabled as defined by the ADA.

57.    Defendant, School District of Lee County was put on <u>written notice</u> of Plaintiff's mental disabilities.

58.    Defendant, School District of Lee County, had knowledge of the Plaintiff's disabilities.

59.    Plaintiff was qualified to perform the essential functions of the job and did so for nineteen (19) years.

60.    Due to his mental disabilities, Defendant, School District of Lee County, was required to accommodate Plaintiff in one-on-one, or disciplinary meetings by having a union representative, or one of his parents present at such meetings.

61.    Defendant, School District of Lee County, failed to provide Plaintiff with this required reasonable accommodation under the law.

62.    Defendant, School District of Lee County, did not put in place protocols, including disseminating the accommodation to employees in the chain of command, to ensure that Plaintiff's reasonable accommodation request, as required under the law, would be accommodated.

63.     As a direct and proximate cause of Defendant, School District of Lee County's actions, Plaintiff was unable to perform essential functions of the job, including attending meetings and understanding of communications in meetings.

64.     Plaintiff was eventually suspended "without pay," and petitioned for termination.

65.     As Plaintiff was suspended without pay and sanctioned with a petition to terminate, there can be no dispute that the terms and conditions of his employment were "materially altered."

66.     Plaintiff was discriminated against because of his "disability" as a result of the Defendant, School District of Lee County's failure to follow the ADA accommodations, and failed to provide as written.

67.     Defendant, School District of Lee County's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and he is therefore entitled to punitive damages.

## COUNT III – DISCRMINATION IN VIOLATION OF FCRA

### Disparate Treatment

Plaintiff, Jason Spengler, reincorporates and re-alleges paragraphs 1-44 as though set forth fully herein and further alleges as follows:

68.     Plaintiff is a "person" as defined at Fla. Stat. §760.02(6).

69.    Defendant, School District of Lee County is an "employer" as defined at Fla. Stat. §760.02(7).

70.    Plaintiff was disabled, because of, <u>cognitive impairments</u> that impaired one or more life events.

71.    Defendant, School District of Lee County, was put on <u>written notice</u> of Plaintiff's disabilities, and had knowledge of the disabilities.

72.    Defendant, School District of Lee County, "regarded" Plaintiff as disabled, according to its district employee records.

73.    Defendant, School District of Lee County, violated the FCRA by discriminating against Plaintiff, by subjecting him to enhanced discipline beyond the progressive form cited in Defendant's policies.

74.    Defendant, School District of Lee County, skipped over multiple phases of the progressive discipline policy and took direct action against Plaintiff with termination.

75.    Defendant, School District of Lee County, violated the FCRA, discriminating against Plaintiff, by subjecting him to more severe punishment than non-disabled employees who had engaged in the same, similar, or worse behavior.

76.    Similar individuals outside of Plaintiff's protected status as a disabled individual were not subjected to an "enhanced disciplinary process" skipping over multiple phases of the progressive discipline policy, despite committing the same, similar, or worse acts.

77.    Defendant, School District of Lee County, treated Plaintiff differently and less favorably than other, non-disabled employees.

78.    As a direct and proximate result of Defendant, School District of Lee County's conduct as described above, Plaintiff incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits.

79.    In addition, Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, humiliation and embarrassment.

## COUNT IV – DISCRIMINIATION IN VIOLATION OF FCRA

### Failure to Accommodate

Plaintiff, Jason Spengler, reincorporates and re-alleges paragraphs 1-44 as though set forth fully herein and further alleges as follows:

80.    Plaintiff is a "person" as defined at Fla. Stat. §760.02(6).

81.    Defendant, School District of Lee County is an "employer" as defined at Fla. Stat. §760.02(7).

82.    Plaintiff was disabled, because of cognitive impairments that impaired one or more life events.

83.    Defendant, School District of Lee County was put on written notice of Plaintiff's disabilities and had knowledge of the disabilities.

84.    Defendant "regarded" Plaintiff as disabled.

85.    Defendant, School District of Lee County, did not properly accommodate Plaintiff, and failed to follow the ADA accommodations which were in place.

86.    Defendant, School District of Lee County, did not put in place protocols, including disseminating the accommodation to employees in the chain of command, to ensure Plaintiff's accommodation request would be implemented.

87.    As a direct and proximate result of Defendant, School District of Lee County's conduct as described above, Plaintiff incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits.

88.    In addition, Plaintiff suffered emotional distress, mental anguish, humiliation and embarrassment as a direct and proximate result of Defendant, School District of Lee County's conduct.

WHEREFORE, Plaintiff JASON SPENGLER, prays that this Honorable Court will enter a judgment in his favor and against Defendant, and award:

    a. Compensatory damages;

    b. Appropriate back pay;

    c. Pre-judgment and post-judgment interest;

    d. Front pay in lieu of reinstatement;

    e. Pay for lost benefits including medical insurance, pension and retirement plan;

    f. Punitive damages;

    g. Plaintiff's costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. §12205 and §760.11(5), Florida Statutes; and

    h. Any other and further relief that this Honorable Court deems is appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JASON SPENGLER, hereby demands a trial by jury on all claims triable by right of jury under state or federal law.

Dated this _17th_ day of October 2025.

Respectfully submitted,

Victor M. Arias, Esquire
Florida Bar No.: 0879096
ARIAS LAW FIRM, P.A.
3013 Del Prado Blvd., Suite 6
Cape Coral, FL 33904
Email: varias@ariaslawfirm.com
Telephone: (239) 945-2121
Attorney for Plaintiff